# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LARRY SMOOT                                    :

    Plaintiff                              :

    v                                      :                 Civil Action No. WMN-05-3319

SECRETARY SAAR                                 :

    Defendant                             :
                                                        o0o
## MEMORANDUM

The above-captioned civil rights Complaint, filed December 12, 2005, alleges that Plaintiff was wrongfully convicted in a prison disciplinary proceeding.  Paper No. 1.  Defendant filed a Motion to Dismiss or for Summary Judgment on April 4, 2006.[1]  Paper No. 6.   Plaintiff has filed a Response in Opposition to Defendant's Motion, as well as a Motion to Amend. Papers No. 8 and 9.  Upon review of the papers filed, this court finds that a hearing in this matter is unnecessary.

Plaintiff filed this action as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  Paper No. 1.  The pleading, however, was construed as a civil rights complaint filed pursuant to 42 U.S.C. § 1983, because Plaintiff is not challenging the validity of his state criminal conviction.  The only claim raised pertains to Plaintiff's allegation that the procedures by which he was found guilty of using an intoxicant in violation of prison rules violated his right to due process.  *Id*.  Specifically, Plaintiff alleges that: he was improperly denied requested representation at this prison disciplinary hearing; the procedures for the urinalysis test were unreliable because there was no evidence that the machine had been cleaned; and there were

---

[1]  A responsive pleading was due in this case on March 20, 2006, but Defendant filed a Motion for Extension of Time (Paper No. 3) which shall be granted *nunc pro tunc*.

irregularities in the chain of custody of the specimen.  Paper No. 1 at p. 2.  The penalty imposed

upon a finding of guilt was 90 days of disciplinary segregation.  There is no dispute that the

Plaintiff's diminution of confinement credits were not revoked as a result of the adjustment

conviction. *See* Paper No. 6 at Ex. 2, p. 3; Ex. 3, p. 7.

Plaintiff filed an appeal of the guilty finding with the Inmate Grievance Office, and the

merits of his claims were considered by an administrative law judge.  *Id*. at Ex. 3.  Plaintiff's

claim that he was improperly denied an inmate representative was rejected.  The inmate

representative requested by Plaintiff was assigned to protective custody at the time of the

adjustment hearing.  *Id*. at p. 8.  Division of Correction Directives prohibit inmates assigned to

any segregation status, including protective custody, from acting as a representative at an

adjustment hearing.  *Id*.  Plaintiff did not request any other inmate as a representative; therefore,

his request was denied.  *Id*.  With respect to Plaintiff's assertions that the urinalysis was

inaccurate[2] and the chain of custody of the specimen was improper, the administrative law judge

found that the adjustment hearing officer's rejection of Plaintiff's claims was based on a

credibility determination.  *Id*. at p. 7.  In addition, the judge observed that Plaintiff's "arguments

were mere speculation and were not based on any facts in evidence."  *Id*.  The guilty finding was,

accordingly, affirmed by the Inmate Grievance Office.

Certain procedural due process rights are guaranteed an inmate during a prison

disciplinary hearing because revocation of good conduct credits represent a deprivation of a

protected liberty interest.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Revocation of

---

[2] Specifically, Plaintiff claimed that the test results were invalid because: there was no
documentation that the machine had been cleaned between tests; the specimens could have been
contaminated because numerous specimens were placed in a large trash bag which could have resulted in
spillage; and a five hour delay between collection and testing provided opportunity for tampering.  Paper
No. 6 at Ex. 3, p. 7.

good conduct credits did not, however, take place in the instant case.  The only liberty interest at issue here, the loss of Plaintiff's status as a general population inmate, is tenuous at best.

The touchstone for determining whether or not a particular housing assignment within the prison invokes a liberty interest has been explained by the Supreme Court. "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483– 84 (1995). In *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997), this standard was applied to allegations that confinement to administrative segregation for six months in "cells [that] were infested with vermin; were smeared with human feces and urine; and were flooded with water from a leak in the toilet on the floor above."  The court held that those conditions did not implicate a liberty interest because they did not represent a significant hardship. *Id*.

Given this analysis, it is easy to conclude that Plaintiff's confinement to disciplinary segregation for ninety days was not a significant hardship.  In addition, Plaintiff's proposed amendment[3] of the Complaint to include other defendants who were directly involved in the disciplinary process and to construe his pleading as a Petition for Writ of Habeas Corpus does not cure the defect of his claim.  There simply is no federal due process claim presented by the facts alleged cognizable under either 42 U.S.C. § 1983 or 28 U.S.C. § 2254.  Plaintiff's Motion to Amend will therefore be denied.[4]   Accordingly, Defendant's Motion for Summary Judgment

---

[3] *See* Paper No. 9, Motion to Amend.

[4] Because Defendant has filed a responsive pleading in this case, Plaintiff cannot amend his complaint "as a matter of course" but must have leave of Court to do so.  Fed. R. Civ. Proc. 15(a).  Under the rule, "leave shall be freely given when justice so requires."  *Id*.   If the proposed amendment to the

shall be granted by separate Order which follows.

/s/

5/10/06                                    _____
Date                                       William M. Nickerson
                                           Senior United States District Judge

---

complaint appears to be a futility, this Court has the discretion to deny leave to amend. *Id.*